USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/12/14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

A.P. MOLLER-MAERSK A/S,

                Plaintiffs,

-against-

AGX INTERMODAL, INC., and
J.P. INTERMODAL HOLDINGS, INC.
d/b/a AGX INTERMODAL, INC.,

                Defendant.

12 Civ. 7166 (AT)

**ORDER**

ANALISA TORRES, District Judge:

In this action, Plaintiff, A.P. Moller-Maersk A/S ("Maersk"), asserts claims against Defendants, AGX Intermodal, Inc., and J.P. Intermodal Holdings, Inc. d/b/a AGX Intermodal, Inc. ("AGX"), for breach of contract, negligence, and negligent bailment. Maersk moves for summary judgment on the breach of contract claim for attorneys' fees in the amount of $95,842.50. AGX cross-moves for summary judgment. For the following reasons, Maersk's motion is GRANTED in the amount of $47,921.25, and the cross-motion is DENIED.

## BACKGROUND

I. <u>Factual Background</u>

This dispute for attorneys' fees arises from the theft of a shipment of Reebok shoes valued at $288,090. Plaintiff Maersk is a Danish ocean carrier that entered into a bill of lading contract of carriage (the "bill of lading") with Reebok International, Ltd. ("Reebok") to transport a shipment of Reebok shoes from Ho Chi Minh City, Viet Nam to Dick's Sporting Goods ("Dick's") in Smithton, Pennsylvania (the "shipment"). ECF No. 1-2. Maersk hired Defendant AGX, a Pennsylvania-based trucking company, to transport the shipment from the Pittsburgh rail yard to Dick's in Smithton. Def. Rule 56.1 Counter-Statement p.2 ¶ 3, ECF No. 34. Maersk and AGX had in place a Motor Carrier Service Agreement dated May 15, 2009, which governs the

parties' rights and liabilities in this litigation (the "MCSA"). ECF No. 1-1.

Pursuant to the MCSA, Maersk issued a work order to AGX calling for AGX to pick up the shipment from Pittsburgh and deliver it to Dick's. Brett Decl. Ex. C, ECF No. 27-1. AGX took possession of the shipment on October 25, 2010 and kept it until November 12, 2010, when it was stolen from the AGX facility. Def. Rule 56.1 Counter-Statement p.4 ¶¶ 9, 11. ECF No. 34. By email dated November 22, 2010, Maersk informed AGX that it would hold AGX responsible for all losses and damages arising from the theft. Brett Decl. Ex. D, ECF No. 27-1.

In connection with this loss, Reebok accepted an insurance payment from and subrogated its rights and claims to Zurich Insurance ("Zurich"). Def. Ex. 3, ECF No. 34-1 at 35. Zurich, in turn, hired Reck & Company, GmbH ("Reck"), a recovery agent, "to proceed in recovery action against any and all parties concerned and responsible for and in connection with the loss and/or damage" to the shipment. *Id*. Zurich authorized Reck to negotiate and settle the claim. *Id*. By letter dated November 25, 2010, Reck notified Maersk that it would hold Mearsk liable for the full loss in the amount of $288,090. ECF No. 1-3.

On September 24, 2012, Maersk initiated this action against AGX alleging breach of the MCSA, negligence, and negligent bailment. Compl. ¶¶ 12-19, ECF No. 1. Maersk filed a Second Amended Complaint on August 14, 2013 and added a cause of action seeking declaratory judgment under 28 U.S.C. § 2201-2. 2d Amend. Compl. ¶¶ 27-30, ECF No. 22. In its prayer for relief, Maersk seeks costs incurred in defending against the Reebok claim and indemnification of any future amount paid in opposing or settling the Reebok claim, plus costs, interest, disbursements, and attorneys' fees. *Id*. Maersk also seeks a declaratory judgment holding AGX liable for the Reebok claim and awarding costs incurred in this action. *Id*.

On August 30, 2013, Maersk moved for summary judgment on its breach of contract

claim. ECF No. 25. On September 10, 2013, counsel for AGX advised Maersk that AGX planned to settle the Reebok claim directly with Reck for $220,000 in exchange for a release. ECF 34-1 at 34. *Id*. By email dated September 10, 2013, Maersk notified Reck of these communications and asked that Maersk be included on the release. *Id*. On October 8, 2013, Reck executed a release in favor of AGX and Maersk effective upon the payment of the $220,000. ECF No. 35-2.

Maersk now asserts that the only compensable losses it has suffered are legal fees, which are the subject of its motion. *Id*. at ¶ 10. James L. Ross, Esq., counsel for Maersk and a partner in the firm of Freehill, Hogan & Mahar, LLP, has submitted invoices totalling $95,842.50. Ross Supp. Decl. ¶¶ 4, 6, ECF No. 46. Ross estimates that one half of that amount corresponds to "the Reebok claim being pressed against Maersk in Germany." *Id*. The remaining half corresponds to this action. *Id*.

II. Relevant Contractual Provisions

The MCSA provides that any disagreement or dispute arising out of the agreement is to be governed by New York law. MCSA ¶ 21.

The MCSA provides, in part, the following:

> 4. PERFORMANCE OF SERVICES. . . . (b) [AGX] shall transport all shipments provided under this Agreement without delay, and all occurrences which would be probable or certain to cause delay shall be immediately communicated to Maersk by [AGX].
>
> . . .
>
> 6. [AGX'S] OPERATIONS. . . . (e) [AGX] shall maintain appropriate security infrastructure to ensure the physical security of shipments and equipment handled under the terms of this Agreement.

*Id*. at ¶¶ 4, 6. The MCSA also includes an indemnity provision, which states:

> 12. <u>INDEMNITY</u>. [AGX] shall defend, indemnity, and hold MAERSK harmless from and against all loss . . . liability . . . damage, claim, fine, penalty . . . cost or expense, including reasonable attorney's fees, arising out of or in any way related to . . . the performance or breach of this Agreement by [AGX], its employees, agents, subcontractors, or independent contractors working for [AGX] . . . .

*Id*. at ¶ 12.

## DISCUSSION

I. <u>Standard of Review</u>

Summary judgment is appropriate when the record demonstrates that there are no genuine issues of material fact in dispute and that one party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A material fact is one that "might affect the outcome of the suit under governing law." *Id*. The moving party bears the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, that demonstrate the absence of a genuine issue of material fact. *See* Fed. R. Civ. P. 56(a), (c); *Celotex*, 477 U.S. at 323. In ruling on a motion for summary judgment, all evidence must be viewed in the light most favorable to the non-moving party, *Overton v. N.Y. State Div. of Military & Naval Affairs*, 373 F.3d 83, 89 (2d Cir. 2004), and the court must "resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought," *Sec. Ins. Co. of Hartford v. Old Dominion Freight Line, Inc.*, 391 F.3d 77, 83 (2d Cir. 2004). The court's responsibility is only to "identify factual issues, not to resolve them." *Jasco Tools, Inc. v. Dana Corp.*, 574 F.3d 129, 156 (2d Cir. 2009).

II. Plaintiff's Motion

In September 2013, AGX agreed to settle Reebok's and its subrogees' claims against AGX and Maersk, *see* ECF No. 35-2, and Maersk no longer claims that it suffered any compensable losses other than attorneys' fees. Pl. Resp. to Def. Rule 56.1 Counter-Statement p.3 ¶ 8, ECF No. 34.

Maersk asks the Court to conclude that AGX breached the MCSA and that the indemnity provision is triggered. Pl. Reply Mem. 2-3, ECF No. 45. To prevail on a breach of contract claim under New York law, a plaintiff must establish: (1) the existence of a contract; (2) performance of the contract by one party; (3) breach by the other party; and (4) damages attributable to the breach. *See Beautiful Jewellers Private Ltd. v. Tiffany & Co.*, 438 F. App'x 20, 21-22 (2d Cir. 2011).

The first two elements are not in dispute. With respect to the third element, Maersk maintains that AGX breached the MCSA by holding the shipment at an AGX facility where it was stolen, instead of delivering it to Dick's. Pl. Mem. 8-9, ECF No. 29. Maersk also argues that AGX breached the MCSA by failing to provide proper security at its facility and provides evidence that the approximately eighteen-acre facility (1) had only three security cameras; (2) lacked barbed-wire fencing and had no gate or barrier at the entrance; (3) employed no security guards; (4) did not store storage containers, including the shipment, back to back so as to prevent theft; and (5) stored containers on chassis without a "fifth wheel pin lock" that would prevent containers from being easily connected to a truck and driven away. *Id.* at 8-13. As further evidence of the breach, Maersk asks the court to consider the fact that AGX agreed to pay $220,000 directly to Reebok's subrogees, with no contribution from Maersk, in exchange for the release of Reebok's claim against AGX and Maersk. Pl. Reply Mem. 3.

AGX does not dispute these facts. *See* Def. Mem., ECF No. 33. AGX argues that it did not breach the MCSA by taking the shipment to its facilities because Dick's would not accept the shipment and because Maersk allegedly directed AGX to store the shipment until Dick's could accept it. Def. Rule 56.1 Counter-Statement p.3 ¶ 10, ECF No. 34. However, AGX provides no evidence supporting this position. Contrary to AGX's assertions, neither the invoice nor the deposition testimony provided by AGX points to additional storage charges in connection with the shipment. *See id*. at p.20 ¶¶ 5-6; Maersk Invoice, ECF No. 34-1; Hobbs Dep. 68:4-13, 78:8-23, ECF No. 34-1. Indeed, as AGX Vice President Patrick Hobbs testified, the invoice included only an additional fuel surcharge of $19.20 for a "Nike" contract and makes no reference to storage of the shipment. *See id*. With respect to the alleged breach arising out of the security infrastructure at the AGX facility, AGX has not adduced any evidence that Maersk's descriptions are inaccurate *Id*. at p.4-17 ¶¶ 13-47. Rather, AGX again asserts that Maersk approved storage there and maintains that the allegations relating to the facility are immaterial in light of the settlement with Reebok. *Id*. This first argument, as noted above, is unsubstantiated, and AGX's mootness concerns are more appropriately addressed under the damages element. AGX, therefore, has failed to identify any issue of material fact with respect to breach.

With respect to damages, AGX maintains that the claim for breach of contract should be dismissed because Maersk is insulated from liability relating to the loss. Def. Mem. 3. Maersk essentially concedes that AGX's settlement of Reebok's claims rendered moot Maersk's request for damages here with respect to any amounts due to Reebok under the bill of lading. Pl. Resp. to Def. Rule 56.1 Counter-Statement ¶ 8, ECF No. 44. Maersk, however, maintains that it remains contractually entitled to reasonable attorneys' fees pursuant to the MCSA indemnification clause. *See id.*; Compl. 5.

"Under the general rule in New York, attorneys' fees are the ordinary incidents of litigation and may not be awarded to the prevailing party unless authorized by agreement between the parties, statute, or court rule." *Oscar Gruss & Son, Inc. v. Hollander*, 337 F.3d 186, 199 (2d Cir. 2003); *see also Mid–Hudson Catskill Rural Migrant Ministry, Inc. v. Fine Host Corp.*, 418 F.3d 168, 177 (2d Cir. 2005). "It is not uncommon, however, for parties to a contract to include a promise by one party to hold the other harmless for a particular loss or damage and counsel fees are but another form of damage which may be indemnified in this way." *Hooper Associates, Ltd. v. AGS Computers, Inc.*, 74 N.Y.2d 487, 491 (1989).

Maersk is seeking indemnification under the MCSA for attorneys' fees (1) incurred while defending against liability under the bill of lading to Reebok or its subrogees, and (2) incurred in the present action seeking to compel AGX to pay for the loss of the shipment. Pl. Mem. 3-8, ECF No. 29. Under New York law, indemnification agreements presumptively cover only third-party claims. *Hooper*, 74 N.Y.2d at 491. In order for inter-party claims to be recoverable, a contract must contain an "unmistakably clear statement that such damages were intended." *Bridgestone/Firestone, Inc. v. Recovery Credit Servs., Inc.*, 98 F.3d 13, 21 (2d Cir. 1996). In other words, "[i]f the claims covered refer 'exclusively' or 'unequivocally' to claims between the parties, a [c]ourt may interpret an indemnification agreement to include such claims. If not, then a court must find the agreement to be lacking evidence of the required intent." *CBS Corp. v. Eaton Corp.*, 07 Civ. 11344 (LBS), 2010 WL 1375169, at *3 (S.D.N.Y. Mar. 30, 2010) (citing *Sequa Corp. v. Gelmin*, 851 F.Supp. 106, 110-11 (S.D.N.Y. 1994)). The MCSA indemnification clause provides for payment of "any and all loss . . . cost or expense, including reasonable attorney's fees, arising out of or in any way related to . . . the performance or breach of this Agreement by [AGX] . . ." MCSA ¶ 12. Although this contract is drafted in broad terms, it

lacks the necessary explicit and unambiguous reference to inter-party claims. Nor is this contract one in which construing the clause in this manner would leave the provision "without force and effect," *Hooper*, 74 N.Y.2d at 493, because the provision here unambiguously provides for indemnification of third-party claims. Accordingly, Maersk is not entitled to indemnification for the portion of its attorneys' fees that were expended in this action.

Maersk is, however, entitled to reasonable attorneys' fees for costs incurred defending against claims asserted by Reebok or its subrogees. Contrary to AGX's arguments, the MCSA indemnification provision does not require Reebok or its subrogees to file an action against Maersk in order for Maersk to be entitled to recovery. *Cf. Tokio Marine v. Macready*, 803 F. Supp. 2d 193, 202 (E.D.N.Y. 2011) ("Under New York law, when an indemnitor had notice of the claim against it and an opportunity to take over the defense, the indemnitee need only show potential liability.") (quoting *Koch Industries, Inc. v. Aktiengesellschaft*, 727 F.Supp.2d 199, 222–23 (S.D.N.Y. 2010)). Nowhere in the contract does it provide that attorneys' fees must be incurred in connection with active litigation. Rather, the contract allows for recovery for reasonable attorneys fees "in any way related to" AGX's performance or breach, MCSA ¶ 12, and Maersk has sufficiently demonstrated that Reebok and its subrogees had tenable claims "related to" the loss of the shipment while it was in AGX's possession. Reck Letter, ECF No. 1-3. AGX has not raised any genuine issues of material fact that would call into question this conclusion. In addition, counsel for Maersk has submitted two affidavits and attached invoices evidencing that Maersk incurred thousands of dollars in attorneys' fees opposing Reebok and its subrogees' claim. *See* Ross Decl., ECF No. 28; Ross Supp. Decl., ECF No. 46. Counsel for Maersk further attests that one reason for these expenses is AGX's delay in responding to Reebok's subrogees at Reck, given that the German courts in Hamburg were unable to obtain

8

jurisdiction over AGX. *Id.* at ¶ 5. In response, AGX has only produced evidence of its own communications with Reck from September 2013 and does not present any evidence suggesting that Maersk did not expend resources opposing the claim. Accordingly, in the absence of any genuine issue of material fact, summary judgment for Maersk is appropriate.

  III.  Attorneys' Fees

The amount of attorneys' fees should be based on what "a reasonable, paying client would be willing to pay." *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 484 F.3d 162, 163 (2d. Cir. 2008). The reasonable fee analysis requires a court to consider any relevant, case-specific variables, including: "(1) the complexity and difficulty of the case; (2) the available expertise; (3) the resources required to prosecute the case effectively; (3) the timing demands of the case; and (4) the returns, such as reputation, the attorney expected from the representation." *Deluca v. Bank of Tokyo-Mitsubishi UFJ*, 06 Civ. 5474 (JGK) (KNF), 2007 WL 4563921, at *3 (S.D.N.Y. Dec. 18, 2007) (citation omitted); *see also Arbor Hill*, 484 F.3d at 184.

Counsel for Maersk, James L. Ross, Esq., has submitted a declaration and invoices for attorneys' fees in the amount of $95,842.50. *Id.* at ¶ 4. Ross estimates that approximately half of that amount ($47,921.25) is attributable to fees incurred while addressing the legal claims of Reebok and its subrogees. *Id.* at ¶ 4. Having reviewed these invoices and considered the relevant factors, the Court is satisfied that the hourly rate of $325 and the total amount of attorneys' fees requested are appropriate, reasonable, and sufficiently documented. *See United States Football League v. National Football League*, 887 F.2d 408, 415 (2d Cir.1989), *cert. denied* 493 U.S. 1071 (1990). Accordingly, AGX is hereby directed to pay Maersk attorneys' fees in the amount of $47,921.25.

9

## CONCLUSION

For the reasons stated above, Maersk's motion for summary judgment is GRANTED. AGX's cross-motion is DENIED.

The Clerk of the Court is directed to terminate the motion at ECF No. 25 and to enter judgment in favor of Plaintiff in the amount of $47,921.25.

SO ORDERED.

Dated: March 12, 2014
      New York, New York

_____
ANALISA TORRES
United States District Judge